


CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 11 2010

BY: JOHN F. CORCORAN, CLERK
/s/ _____ DEPUTY CLERK

U.S. DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Michael P. Curtis )
Plaintiff ProSe' )
 )
 )
V. )   Case No: 7:10-CV-00250
 )
 )   **Trial By Jury Demanded**
Glasser & Glasser PLC )
Defendant )
Cap One Bank aka Capital One )
Financial Corp. )
Co-Defendant )

## PLAINTIFFS' SATEMENT OF CLAIM
## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Michael P. Curtis.

The Plaintiffs at all times is a resident of the State of Virginia and the County of Alleghany.

As such establishing the jurisdiction of this honorable Court.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted.

### Statement of Claim

The Defendant Glasser & Glasser PLC is a 3rd party debt collector located at PO Box 3400, Norfolk, VA. 23514, Crown Center, 580 East Main Street, Suite 600, Norfolk, VA 23510 as such is governed under the law by The Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p *et seq.* and also *may* report these alleged debts to the national credit reporting agencies i.e. Trans Union, Equifax and Experian and Innovis. As such the Defendant *may* also be also governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq.* The State of

1

Virginia abides by and adheres to these laws thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA [15 U.S.C. §1692k (d)] and 618 of the FCRA [15 U.S.C. § 1681p].

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt/account is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendant's in an attempt to collect the alleged debt and if applicable reporting of same to the credit bureaus, **violated the civil rights** of the Plaintiffs and the law as outlined in the Debt Collection Practices Act, 15 U.S.C. §1692-1692p *et seq.* and the Fair Credit Reporting Act 15 USC §1681, *et seq.*

1. On or about January 31, 2008 the Defendant sent a letter in response to the validation request.
2. On or about June 11, 2008 the Defendant contacted the Plaintiff in reference to an alleged account owed.
3. On or about July 9, 2008 the Plaintiff sent a letter of validation to the Defendant demanding proof of the alleged account that was claimed as owed.
4. The Defendant has failed to provide proof/validation of the alleged debt and failed to contact the Plaintiff within (5) five days of the Plaintiff's request for validation as outlined in the DCPA and has performed continued collection activity prior to providing proof of any alleged account. The Defendant has also Overshadowed in the letter dated January 31, 2008 by saying "Please call if you would like to resolve this matter".
5. The Plaintiff again contacted the Defendant on or about March 8, 2010 with a letter of validation.
6. To date there has been no proof of any alleged account from the Defendant and the Defendant has ceased to stop collection activities.

**Violations under the DCPA:**

**Count I under DCPA:**
**15 USC 1692g**
7. Continued collection activity prior to providing proof of the alleged account.
After receiving request for validation on or about July 9, 2008 and March 8, 2010 the Defendant has continued collection activity up to an including today in violation of section [15 USC 1692g] of the DCPA at $1000.00 per month times 29 months
Plaintiff demands Judgment for $29,000.00

2

**Count II under DCPA**
**§ 809. Validation of debts 15 U.S.C. §1692g(b)**

8. By indicating to the Plaintiff to "Please call if you would like to resolve this matter" in their letter of response.
9. Any collection activities and communication during the 30-day period may not **overshadow** or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor
10. Overshadowing 1996 U.S. Dist. LEXIS 22555, *
    DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S
    Plaintiff demands $1000.00

11. Plaintiff realleges paragraphs 1 through 11 as though fully set forth herein.

## Statement of Claim Capital One

The Co-Defendant Capital One Bank aka Capital One Services Inc. a Delaware Corporation PO Box 3028, Salt Lake City, UT 84130, aka Capital One Financial Corp. 1680 Capital One Drive, Mclean, Virginia 22102 is a creditor and furnisher of information to the national credit reporting agencies within the meaning of Fair Credit Reporting Act 15 USC §1681, *et seq*.

The State of Virginia abides by and adheres to these laws thus establishing the jurisdiction of this honorable court. Specifically section 618 of the FCRA [15 U.S.C. § 1681p].

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Co-Defendant.

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt/account is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Co-Defendant in their reporting of erroneous and inaccurate information and their failure to mark the Plaintiff's credit report in dispute and reporting of erroneous information to the credit bureaus, **violated the civil rights** of the Plaintiffs and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq*.

**Violations under FCRA:**

On or about March 8, 2010 the Plaintiff contacted Bank One via certified letter with notice of dispute to information they were reporting in the Plaintiffs credit reports. To date the Co-Defendant has not responded to the Plaintiffs dispute. The Plaintiff on or about March 12, 2010 also disputed these trade lines within the Plaintiffs' credit report by certified letter to all three of the national credit reporting agencies Trans Union, Experian and Equifax. They have responded that they are reporting the information correctly.

**Count III under FCRA**

12. Reporting erroneous and inaccurate information in the Plaintiffs Credit Report. Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]: of the FCRA as the Co-Defendant has not provided any proof of any alleged account/debt to the Plaintiff.
$1000.00 for each month the Co-Defendant has reported the erroneous and inaccurate information in each of the Plaintiffs credit reports.
Plaintiff demands judgment in the amount of $15,000.00.

**Count IV under FCRA**
13. Failure to mark the Plaintiffs credit report in Dispute section [15 U.S.C. § 1681s-2] under FCRA upon notice of Dispute sent to the Co-Defendant on or about March 8, 2010 the Co-Defendant has failed to mark the Plaintiff's credit report in Dispute through today. $1000.00 for each month the defendant has failed to mark the account in dispute in each credit bureau.
Plaintiff demands judgment in the amount of $15,000.00

Plaintiff realleges paragraphs 1 through 13 as though fully set forth herein.

14. **Count V**

## INJUNCTIVE RELIEF SOUGHT

Injunctive relief is provided by 15 U.S.C. § 1681 and 15 U.S.C. §1692.

WHEREFORE, Plaintiff demands that the Court, mandatorily, enjoin Defendants Glasser & Glasser and Capital One from attempting to collect on any alleged debt or account.
And the Plaintiff demands that the Court mandatorily, enjoin the Defendants to permanently delete any derogatory information on Plaintiffs credit reports that are inaccurate, misleading and/or unverifiable.

Plaintiff also seeks private attorney generals fees in the amount of $3,000.00 as it has been determined that pro se litigants are entitled to the same fees as a licensed bar attorney would receive for his services. (see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)
*"The concept of the "private attorney general" refers to private individuals who institute actions to enforce certain statutes, where such private enforcement actions are the intended, and sometimes only, means of enforcement. The award of reasonable attorney's fees provides an incentive for individuals to "serve" as private attorneys general. See, e.g., Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). "*

Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

### Summation:

Plaintiff has a negatively impacted credit score and credit report as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and collection's and/or inaction's of the Defendant's.

WHEREFORE, the Defendant's have violated the Fair Credit Reporting Act and the Debt Collections Practices Act. Plaintiff demands Judgment in the amount of $62,000.00, plus all costs of this action along with punitive damages in the amount of $50,000. 00.

### STATEMENT UPON WHICH RELIEF CAN BE GRANTED

1. A settlement agreement in writing between the Plaintiff and the Defendant's that the Defendant's shall remove any derogatory information and inquires from all four major credit-reporting agencies Trans Union, Equifax, Experian and Innovis. And any other known credit reporting agencies the Defendant's has used now or may use in the future.

2. Defendants must also provide a letter and or Universal Data Form indicating that they have done this and send same to the Plaintiff. The Defendant's will be barred from selling or transferring of the alleged debt/account to any other collection agency/creditor or attorney and also barred now and in the future from re-entering this information into the Plaintiffs credit report.

3. The Defendant's must cease and desist from any further collection activities against the Plaintiff and the Defendant's may not Sell or Transfer the alleged account to any other Collection Agency/Creditor or Attorney.

4. Payment of the above listed violations to the Plaintiff along with court cost.

Respectfully submitted this 11th day of June 2010.

Michael P. Curtis, Pro Se'
4809 Nicelytown Rd.
Clifton Forge, VA. 24422
540-960-1800
bvp401@ntelos.net

## CERTIFICATE OF SERVICE

I, the Plaintiff, Michael P. Curtiss does hereby certify that a copy of the Complaint and Statement of Claim Upon Which Relief Can Be Granted was sent to the Defendant's Glasser & Glasser PLC, PO Box 3400, Norfolk, VA. 23514 and the Co-Defendant Capital One Financial Corp. 1680 Capital One Drive, Mclean, Virginia 22102, for the purpose of satisfying the requirement for Notice and Service and was sent via USPS Certified Mail pursuant to Federal Rules of Civil Procedure 4 (c) (2) (c) (i). This will also be available to any and all PACER ECF participants and will serve as Notice and Service.

Michael P. Curtis, Pro Se'
4809 Nicelytown Rd.
Clifton Forge, VA. 24422
540-960-1800
bvp401@ntelos.net